JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KWAME OWUSU

**DEFENDANTS** (1) President, Robert Morris University, Moon Township, PA
(2) Ms. Jacquelyn Frass, Assoc. Dir. FA Office

(b) County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☒ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/Exchange
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1331, 28 USC §1332    Question on Title IV Congressional Act
Brief description of cause:
Title IV - Act of Congress

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE
DOCKET NUMBER

DATE 04/23/2019
SIGNATURE OF ATTORNEY OF RECORD  Owusu, Pro Se

**FOR OFFICE USE ONLY**
RECEIPT #       AMOUNT       APPLYING IFP       JUDGE       MAG. JUDGE

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY
# Newark, NJ 07101

KWAME OWUSU

                PLAINTIFF,

**COMPLAINT**
**CIVIL ACTION**
**No.**
**JURY TRIAL DEMANDED**

V.

1. THE PRESIDENT OF THE BOARD
   ROBERT MORRIS UNIVERSITY (RMU)

   AND

2. JACQUELYN FRAAS (sued in individual capacity)

                DEFENDANTS,

SIRS OR MADAMES,

PLAINTIFF KWAME OWUSU, being of sound mind and proceeding pro se,' brings this complaint against the defendants named above as follows:

                I.      PRELIMINARY STATEMENT

1. I am an adult above 18 years of age and the plaintiff in this matter. My son is currently a freshman and full-time college student at the Robert Morris University in the state of

l

Pennsylvania (RMU). I am responsible as a parent to pay for my son's college expenses in excess of those that his financial aid would not allow to be deferred. All references to the first person singular in this complaint refer to plaintiff Owusu.

2. I bring this action on my own behalf with no involvement of my son who is now 18 years old. To the extent that this court fails to provide the remedy being sought to address the issues presented here for lack of standing of this plaintiff, the son reserves the right to bring a separate court action on his own merits in this matter to remedy the situation. If Plaintiff should retain counsel in this matter, this complaint would then be amended to accommodate his son's interest in the matter and be so enjoined as a co-plaintiff.

## II.   JURISDICTION

3. The federal court has jurisdiction in this matter due to diversity of citizenship of the parties and the fact that a federal question matter is involved.

## III.   PARTIES

4. Mr. Kwame Owusu is the plaintiff. He brings this suit on his personal behalf and so the issues for which only his son would have standing to address in court are not involved at this point. If counsel is retained in this action, his son may be enjoined as co-plaintiff and the complaint amended accordingly.

5. Defendant, RMU is an academic institution with a Financial Aid Office that has the responsibility to assist its eligible students to access all available financial aid as designed by congressional legislation to enable them pay for their education through scholarships, grants, loans and other related arrangements like work-study programs.

6. Defendant, Jacquelyn Fraas is the Associate Director of the Financial Aid Office at RMU who, plaintiff believes, was a major contributor to the decision causing the harm referenced in this matter. This defendant is also being sued in her individual capacity because her actions in the matter went beyond her normal official duties as described later in this complaint.

## IV   STATEMENT OF FACTS AND CAUSE OF ACTION

7. My son, after his high school education had been admitted as a freshman full-time student at RMU for the 2018-2019 academic year to pursue a four-year academic degree program, majoring in Computer Science as a cyber security specialist. My son's financial aid counselors at RMU failed in their duty to follow the United States Department of Education's guidelines for Universities and other academic institutions stipulating the maximum amount of federal financial assistance available to admitted full-time students under federal law. By virtue of parental income my son qualified for the maximum amount of federal grants and to borrow the maximum amount of federal loans under law. However, by Ms. Fraas' design, the RMU's FA package was structured to let him borrow far less. In so doing, RMU shifted a large amount of the student's cost of college attendance to me as parent to foot the bill. Despite my repeated efforts to get RMU to allow my son to borrow the maximum amount he was entitled to under law, the FA Office refused to do so. Associate FA officer Jacquelyn Fraas prevented me from dealing directly with her boss, the Director of the FA Office on the matter, always claiming the Director was on vacation and that she was in charge.

8. The Financial Aid (FA) package RMU designed for my son did not just fall far short of the limiting amounts set by the U.S. Dept. of Education's (DOE) guidelines, it did not even include the cost of books and materials the student would require for the coursework. I believe this was intentionally done to enable RMU put an undue financial burden on the student's parents.

9. As stated earlier, when the matter was first brought to the attention of Ms. Jacquelyn Fraas, Associate Director of Financial Aid Services at RMU, she refused repeatedly, to allow plaintiff to deal directly with the Director of Financial Aid who is Ms. Fraas' superior officer. Although Ms Fraas was aware that I was disputing her understanding of the issues involved and demanding she should refer the matter to her superior officer for redress; she stubbornly refused to do so and became a stumbling block preventing a meaningful resolution to the problem by insisting that the Director was on vacation and that she was the final authority on the matter.

10. Ms. Fraas is being sued in her individual capacity because she inserted her personal bias in the matter and refused, repeatedly, to "punt" the final decision making to the Director, her boss. Her intransigence and actions has caused plaintiff damages including incurring financial losses. Correspondences between Plaintiff and RMU's FA office where Ms. Fraas made herself the ultimate decision maker will confirm this conclusion. She should not be spared of any RMU

3

liabilities in this matter.

11. Plaintiff's son was awarded tuition scholarship money by both his high school and RMU to enable him pay for his college expenses. Following the completion of the required FAFSA application by my son and his parents, the student qualified for federal Government's financial assistance. <u>He was then entitled to receive Pell Grant, federal Government loans, both subsidized and unsubsidized, Supplemental Educational Opportunity Grant (SEOG) and possibly, a Perkins Loan if RMU had that program.</u> After a student has received the maximum amounts of these grants and loans as per the DOE guidelines then the parents must chip in with a parents' loan, dubbed PLUS Loan, and some private loan borrowings to cover any residual balance.

12. After RMU's FA Office received the data from the FAFSA application and had to process my son's financial aid, my family's income came under special scrutiny called "Income Verification". There is nothing unusual about that I am told, it is done by a random selection process. During the RMU's process, we had the opportunity to make the case why my family's income was so depressed by completing a "Special Consideration Form" (SC Form) that would allow my son to receive the maximum amount of federal financial assistance package under law.

13. I inquired from Ms Fraas why her office did not provide me with the RMU decision concerning my SC Form. She claimed that she did so in writing so I requested a copy but to date, I have not received any email or any form of correspondence on that matter from her.

14. Ms. Fraas, for reasons best known to her alone, decided that she would not give my son the maximum amount of federal grants and loans he was entitled to. These federal maximum amounts are on display at the website of U.S. Dept. of Education and I provided that information to the RMU FA office in one of my correspondences with them. I demanded in a letter including a sample table of itemized categories of the various federal award assistances that would constitute a FA package and asked Ms. Fraas to fill in the blanks. What she presented showed that her FA package design fell far short of the required federal maximum yet Ms. Fraas kept insisting that she had given my son the maximum amount she was entitled to under law. MS. Fraas did so with such determination that even when the real facts and data were brought to her attention to enable her to change her decision based on those facts, she refused stubbornly to do so and stood her ground.

15. Considering the fact that the DOE has the limits displayed on its website, Ms. Fraas must explain to the court why she insisted that she had provided the maximum amounts under law

4

knowing that the information she provided showed her amounts were far less than the DOE limiting amounts. She should also explain why RMU would not be bound to comply with the DOE limits. I appealed to the Office of the University ProVost and Academic affairs to intervene and get the FA package redressed to reflect the proper amounts but I was unsuccessful. Plaintiff will provide records to support this.

16. In the letter I wrote to Ms. Fraas requiring her to itemize my son's FA package and indicate the maximum amounts awarded in each category and to match that against the University's expenses, I did the arithmetic involved using the DOE guidelines. My son's education would have required me to come up with less than one thousand dollars ($1,000.00). When Ms. Fraas presented her arithmetic for the award amounts in the FA package, there was a residual amount of over seven thousand dollars to be paid by my son's parents. The only reason this happened was that MS. Fraas, or RMU for that matter, had made a determination that they would ignore the federal guidelines and extract parental money for their school.

17. I want this court to compel RMU to re-do my son's FA package and correct their error by amending his FA package for the Fall and Spring Semester of 2018-2019 school year to reflect the maximum level amounts under federal law he is entitled to. In the event the court determines it is too late now for it to enforce this redress, my son, now 18 years old, should have recourse under the law to bring a lawsuit against RMU to recover all his lost federal benefits.

18. Despite the fact that the FA package covers both Fall and Spring semesters, RMU prevented my son from registering for his Spring Semester classes because he owed more than one thousand dollars on his account at the beginning of the Spring Semester. I was not informed of this. Instead of RMU sending me a bill for the amount owed to be paid, the RMU officials evicted my son from his school dormitory and gave him a one-way bus fare to come home without my knowing how much money my son owed on his account.

19. RMU's action here amounts to a self-help eviction process which violates the residency eviction laws and proceedings in the state of Pennsylvania. The school had a duty to send me a bill for the amount owed first and was not entitled to carry out any eviction unless the room and board amount involved was not paid. RMU evicted my son first then sent the bill owed afterwards. I demanded to know the amount owed and was sent a bill dated December 17, 2018 for a residual balance of almost eight thousand dollars, $7,658.16 to be exact. I secured a bank loan to pay the amount and send my son back to school. I shall provide correspondences to show that <u>the school negligently prevented my son from registering for his spring semester classes</u>

5

<u>alongside his peers</u>.

20. As a result of Ms. Fraas' failure to comply with DOE FA award guidelines and her intransigence, I have suffered a financial loss to the tune of $7,658.16 plus interest. I want a refund of the total amount involved. Also, I had to pay for my son's computer and books and materials (tools of trade), necessary for him to carry on with his coursework, all of which should have been included as part of the overall cost of attendance just like room and board. I want this amount refunded to me as part of the unnecessary expenses RMU's negligent processing of the FA package had caused me to incur.

21. Also, Ms. Fraaas was responsible for delaying the processing of the financial aid package for my son which in turn caused my son's late arrival at the school. I had provided the family's "income transcripts" produced by the IRS. It specified clearly the incomes of my wife and I with our tax-filing status as married but filing separately. Somehow Ms. Fraas determined that the information I provided remained incomplete until I had actually filed my taxes which I had deferred for that year. Ms. Fraas action here created an unnecessary delay. I do not know what remedy I am entitled to under law here so the court should decide the appropriate remedy.

22. My tax filing had been deferred for the applicable year and only my wife had filed hers. Although I disagreed with Ms. Fraas' decision, I filed my taxes for that year late using an IRS simplified form. IRS changed my filing status from married, filing separately to single because of the form I had used. I was forced to get the IRS to correct the error. Ms. Fraas failure to recognize the IRS generated income transcript initially, resulted in unnecessary delays in the processing of my son's FA package. As a result, my son arrived late on campus for his Fall Semester coursework.

23. When my son was ready to purchase books and materials for his course work by requesting a books voucher from the Bursar's Office, he was informed his FA package did not include the cost of books and related materials. As a consequence he could not purchase books and relevant materials for his work. This was about mid-semester. My son was compelled to complete the semester's work without proper access to books and materials he needed to get the job done. This affected his academic performance immensely. I was not made aware of this until the damage was done. I wrote a scathing letter to the school that its action in the matter had been responsible for my son's academic failure. I will provide the records.

24. Plaintiff brings this suit to remedy the situation by compelling the RMU FA Office to amend its FA package for my son allowing him to receive the maximum amounts of Pell Grant, SEOG, subsidized and unsubsidized federal loans including Perkins Loans, if applicable. Also, I seek to

recover all my financial losses; bank debt loans and reimbursement for court costs and counsel fees, in case one is retained for this action including compensation for punitive damages. In the event it is now too late to get the RMU FA Office to correct its errors and amend my son's FA package, my son would have a separate course of action on his own merits to recover any lost federal financial benefits.

25. Finally, if the court determines that the RMU FA package for my son was less than what it should be then Ms. Fraas' insistence that she had provided the maximum amount under law was willfully deceptive. Plaintiff wants her removed from that position as a decision maker so she would never have the luxury of causing such harm to other similarly situated students like my son. Also, plaintiff should be reimbursed for his bank loan debt with interest plus punitive damages including related costs, counsel fees, court costs and other related costs. These costs would not have occurred but for the intransigence of RMU and Ms. Fraas.

CONCLUSION:

The defendants have jointly and severally violated residency eviction laws in the state of Pennsylvania and federal laws on housing including the deprivation of governmental benefits. These actions have caused me financial losses and other damages for which I seek relief. As the plaintiff, I seek compensation in the form of refunds for monetary losses and reparations for punitive and other damages including court costs and legal counsel fees when I retain counsel in this matter. The court must add any other relief it deems fit and appropriate in the interest of justice.

WHEREFORE plaintiff requests that the court grants his demands as outlined in the foregoing paragraphs above.

Respectively submitted,

Date: 04/23/2019

KWAME OWUSU, Pro Se'

P.O.Box 151 Ridgefield, NJ 07657

Tel: (201) 674-9595

## CERTIFICATION

I hereby certify that I have truthfully conveyed the facts in this matter as I have known them and that I would be subject to punishment if any of the facts presented are willfully false.

Date 04/23/2019

Signature /C. Owusu

Name: KWAME OWUSU, Pro Se'

## CERTIFICATION OF SERVICE OF PROCESS

I hereby certify that I have served the 2 defendants with copies of this complaint via United States Postal Service by certified mail with return receipt on April 23, 2019 at the following addresses:

(1) The President of the Board

Robert Morris University
6001University Boulevard
Moon Township, PA15108-1189

(2) Ms. Jacquelyn Fraas
    Associate Director of Financial Aid Services
    Robert Morris University
    6001 University Boulevard
    Moon Township, PA 15108-1189

Date  04/23/2019                     Signature _____

                                     Name: KWAME OWUSU, Pro Se'

9

**ReadyPost**
Document Mailer

SERVICE OF PROCESS DOCUMENT

From: KWAME OWUSU
P.O. BOX 151
RIDGEFIELD, NJ 07657

To: PRESIDENT OF THE BOARD
ROBERT MORRIS UNIV
6001 UNIVERSITY BLVD
MOON TOWNSHIP, PA 15108

**ReadyPost** Document Mailer

SERVICE OF PROCESS DOCUMENT

From:
KWAME OWUSU
P.O. BOX 151
RIDGEFIELD, NJ 07657

To:
MS. JACQUELYN FRAAS
ROBERT MORRIS UNIV.
6001 UNIVERSITY BLVD
MOON TOWNSHIP PA 15108